IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RONNIE TOSH McCOY**                                                                                    **PLAINTIFF**

v.                                                      CIVIL ACTION NO. 1:21-cv-334-TBM-RPM

**HARRISON COUNTY ADULT
DETENTION CENTER, TROY
PETERSON, Sheriff; JAIL OFFICIALS
A, B, and C;** *and* **NURSES A, B, and C**                                              **DEFENDANTS**

## MEMORANDUM AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Ronnie Tosh McCoy filed this action under 42 U.S.C. § 1983 on October 28, 2021. At the time, he was incarcerated in the Harrison County Adult Detention Center. [1], pp. 1–2.

McCoy is proceeding *in forma pauperis*. [7]. On February 28, 2022, the Magistrate Judge entered an Order [19] directing McCoy to provide specific information regarding his claims and the named Defendants by March 23, 2022. [19], pp. 2–3. McCoy was warned that failure to comply with that Order [19] could lead to the dismissal of this lawsuit. A copy of the Court's Order [19] was mailed to McCoy's address of record and was not returned as undeliverable.

Having received no response, on April 7, 2022, the Court entered an Order [20] to Show Cause which required that, on or before April 29, 2022, McCoy file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's previous Order [19]. McCoy was again warned that "failure to timely comply with any order of the Court . . . may result in the dismissal of this civil action. . . ." [20], pg. 2. A copy of the Court's Order [20] was mailed to McCoy's address of record and was not returned as undeliverable. McCoy did not respond to the Order [20] to Show Cause or otherwise contact the Court about this case.

When McCoy failed to respond, the Court entered a Second and Final Order [21] to Show Cause. The Second and Final Order [21] to Show Cause directed McCoy to respond on or before June 13, 2022, and (1) explain why the Court should not dismiss this lawsuit for failure to comply with the Court's Orders; and (2) comply with the previous Orders [19], [20] by filing the required response. [21], pg. 2. The Second and Final Order to Show Cause also warned McCoy that "failure to timely comply with any order of the Court . . . ***will result*** in this cause being dismissed without prejudice and ***without*** further notice to Plaintiff." *Id*. (emphasis in original). A copy of the Court's Order [21] was mailed to McCoy's address of record. The envelope [22] containing the Second and Final Order to Show Cause was returned by the postal service with this notation: "Return to Sender, Refused, Unable to Forward." [22], pg. 1. McCoy did not respond to the Second and Final Order [21] to Show Cause. And he has taken no action in this case since February 25, 2022.

The Court may dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630–31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

All Orders were sent to McCoy's address of record, and only the Second and Final Order to Show Cause was returned. McCoy did not comply with the Court's orders, and he was repeatedly warned that failure to do so would result in dismissal of his case. [21], pg. 2; [20], pg. 2;

[19], pg. 3. McCoy has not provided the Court with a current address, he has not complied with three Court Orders [19], [20], [21], nor has he otherwise contacted the Court since February 25, 2022. Such inaction represents a clear record of delay or contumacious conduct by McCoy. And the Court's continuous efforts to prompt further action have proven futile. Dismissal without prejudice is warranted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and to obey the Court's Orders. A separate final judgment will enter under Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 29th day of July, 2022.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE